**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **PRINCE HOTEL, SA, etc.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**BLAKE MARINE GROUP, et al.,** )<br>)<br>**Defendants.** ) | CIVIL ACTION 10-0424-WS-M |

**ORDER**

This matter is before the Court on the motion of the plaintiff[1] for default judgment. (Doc. 9). The motion is due to be denied for a variety of reasons.

First, "a clerk's entry of default must precede an application to the district court for entry of default judgment." *Travelers Casualty & Surety Co. v. East Beach Development, LLC*, 2007 WL 4097440 at *1 (S.D. Ala. 2007) (citing cases); *accord Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Boswell v. Gumbaytay*, 2009 WL 1515872 at *2 (M.D. Ala. 2009). The plaintiff did not first seek entry of default.

Second, the plaintiff has not satisfactorily established that the Court has subject matter jurisdiction over this action. "Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted). So central is the existence of subject matter jurisdiction to the operation of the federal courts that they "have an independent obligation to determine whether subject-

---

[1] The style of the case indicates that the plaintiff is Prince Hotel, SA. The body of the complaint, however, identifies the plaintiff as Maryse Chancy. (Doc. 1 at 1-3). The pending motion identifies the plaintiff as Prince Hotel. (Doc. 9 at 1, 3).

matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Thus, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *accord System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *cf. Jackson v. People's Republic of China*, 794 F.2d 1490, 1496 n.2 (11th Cir. 1986) (a default judgment entered without subject matter jurisdiction is arguably void).

The plaintiff pegs jurisdiction on the Alien Tort Claims Act, 28 U.S.C. § 1350, but by its terms the statute requires that any such tort be "in violation of the law of nations or a treaty of the United States." The plaintiff identifies no law of nations and only one treaty provision, which allegedly provides[2] for extradition for the crime of counterfeiting. The only claims against the defendants, however, are that they presented a check that was returned for insufficient funds and did not pay two other bills. The plaintiff does not explain how this could constitute counterfeiting within the contemplation of the treaty. Neither does the plaintiff explain how a treaty addressing criminal extradition applies to a civil lawsuit.

Third, in response to the plaintiff's motion the defendants filed and served answers. (Docs. 11, 12). Because they have not "failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), they are not subject to entry of default or of default judgment.

For the reasons set forth above, the plaintiff's motion for default judgment is **denied**.[3]

---

[2] The plaintiff purports to quote one sentence of a treaty but does not provide a copy of the treaty for the Court to confirm its content.

[3] The defendants assert as an "affirmative defense" a lack of subject matter jurisdiction. Because, as noted in text, confirmation of subject matter jurisdiction should precede all other matters, the defendants are **ordered** to file and serve, on or before **November 22, 2010**, a fully briefed motion addressing subject matter jurisdiction.

DONE and ORDERED this 8th day of November, 2010.

                                                      s/ WILLIAM H. STEELE
                                                      CHIEF UNITED STATES DISTRICT JUDGE