# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PRINCE HOTEL, SA, etc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 10-0424-WS-M ) |
| BLAKE MARINE GROUP, et al., | ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on its sua sponte review of its subject matter jurisdiction. See *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The parties have submitted briefs, (Docs. 16,19), and the issue is ripe for resolution.[1]

According to the complaint, defendant Eli Zatezalo is a representative of DRC, Inc., which performed repair work in Haiti after the January 2010 earthquake. Zatezalo also owns another entity, defendant Blake Marine Group ("Blake"). While working for DRC in Haiti, Zatezalo contracted with the plaintiff, in Blake's name, to provide hotel rooms for himself and others. Zatezalo represented that the plaintiff would be compensated per the agreed terms. In the spring of 2010, a check drawn on a Baldwin County bank for over $62,000 was returned for insufficient funds. Two later invoices bring the total unpaid amount to $70,577.30. (Doc. 1).

Count One is styled, "Violation of Laws of Nations or A Treaty." Count Two is styled, "Intentional & Negligent Misrepresentation (Negotiating Worthless Instrument

---

[1] The defendants' motion for leave to respond, (Doc. 20), is **denied**.

[1]

under Section 13A-9-13.1 Code of Alabama)." Count Three is styled, "Negotiating Worthless Instrument – Notice of Refusal of Payment Upon Instrument." (Doc. 1 at 4, 6, 8). Subject matter jurisdiction is invoked under the Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA"). (*Id*. at 2).

"The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The complaint alleges a tort (misrepresentation), but it does not implicate an actionable violation of a treaty or the law of nations.

"[C]laims of fraud, breach of fiduciary duty, and misappropriation of funds are not appropriately considered breaches of the 'law of nations' for purposes of jurisdiction under the Alien Tort Statute [ATCA]…." *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1418 (9th Cir. 1995); *accord IIT v. Vencap, Ltd*., 519 F.2d 1001, 1015 (2nd Cir. 1975) ("While every civilized nation doubtless has this [the Eighth Commandment] as a part of its legal system," theft does not violate the law of nations); *Abiodun v. Martin Oil Service, Inc*., 475 F.2d 142, 145 (7th Cir. 1973) (rejecting argument that "fraud is considered immoral and unlawful by all nations and thus is a violation of the law of nations"). The Eleventh Circuit, the decisions of which are binding on this Court, is in agreement. "[W]hile every nation may have laws penalizing the tortious conversion of the property of another person, the rule against such conduct is no part of the 'law of nations' and a cause of action based on violation of the rule does not satisfy the jurisdictional requirements of 28 U.S.C. § 1350." *Cohen v. Hartman*, 634 F.2d 318, 320 (11th Cir. 1981). Similarly, misrepresenting that a bill will be paid or that a check will clear does not violate the law of nations.

The Supreme Court has recently explicated Section 1350, but nothing contained therein suggests a more expansive view of the statute. On the contrary, the Court concluded that "Congress intended the ATS [ATCA] to furnish jurisdiction for a relatively modest set of actions alleging violations of the law of nations." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 720 (2004). That is, Section 1350 provides jurisdiction

only when "a narrow class of international norms" is implicated. *Id*. at 729. The *Sosa* Court held that illegally detaining a murder suspect in Mexico for a day before transferring custody to lawful United States authorities did not meet this standard. *Id*. at 698, 738. Since *Sosa*, the Eleventh Circuit has held that "a single murder committed by private actors … in the course of an ongoing armed conflict … cannot confer subject matter jurisdiction on federal courts under the ATS" because it falls outside the "narrow sphere of the ATS." *Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1357,1365 (11th Cir. 2010). Stiffing hotels may be appalling, but it falls far outside the narrow class of international norms the violation of which will support federal jurisdiction.

The complaint mentions an extradition treaty between Haiti and the United States. The plaintiff has not provided a copy of the treaty, but the complaint quotes it as approving extradition for the crime of counterfeiting Haitian bonds, coupons, bank notes or other instruments of credit authorized by law. (Doc. 1 at 5). Any misrepresentation by the defendants patently did not violate this treaty since, by misrepresenting their bill would be paid or that a check for payment drawn on a stateside bank would clear, the defendants did not utter, introduce or otherwise employ counterfeit instruments.

For the reasons set forth above, the Court concludes that the ATCA does not supply subject matter jurisdiction over this action.

The plaintiff in brief suggests that subject matter jurisdiction exists under 28 U.S.C. § 1331. (Doc. 19 at 9). The complaint does not cite that statute, but it does assert that "[t]he jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1350." (Doc. 1 at 2). Despite the complaint's clear intent to rest jurisdiction on Section 1350, the Court assumes for present purposes that the plaintiff adequately invoked Section 1331.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff,

who bears the burden of establishing jurisdiction,[2] does not explain how the complaint implicates Section 1331. The complaint identifies no federal constitutional or statutory provision. As noted above, the complaint does mention an extradition treaty between the United States and Haiti. The complaint's express purpose in citing the treaty, however, is to support jurisdiction under the ATCA. (Doc. 1 at 5).[3]

The complaint's prayer for relief includes a request for a determination that the defendants violated the treaty and are subject to extradition. (*Id*. at 10). As discussed in text, however, the defendants could not possibly, by presenting a check supported by insufficient funds, have violated a treaty that simply permits extradition for the crime of counterfeiting. To the doubtful extent the plaintiff sought to bring a claim for relief under the treaty, "a federal court may dismiss a federal claim for lack of subject matter jurisdiction [if] such claim is wholly insubstantial and frivolous," which is so when "the claim has no plausible foundation." *Blue Cross & Blue Shield v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotes omitted). Any claim for relief based on violation of the extradition treaty is on its face utterly frivolous and thus would not support subject matter jurisdiction even if asserted.

For the reasons set forth above, the Court concludes that Section 1331 does not supply subject matter jurisdiction over this action.

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613

---

[2] "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc*., 411 F.3d 1242, 1247 (11th Cir. 2005).

[3] "The extradition treaty between the United State [sic] of American [sic] and Haiti identifies particular crimes which both countries agree are violations of the laws of nations and subject the perpetrator to extradition. Given this treaty, includes activities perpetrated by the Defendant, Plaintiff hereby request the honorable Court to recognize her [sic] claim falls within the purview of the ATCA." (*Id*.).

F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted). The plaintiff, which bears the burden, has not shown that either Section 1331 or Section 1350 provides jurisdiction over this action. Accordingly, the Court lacks power to continue, and this action is **dismissed without prejudice**.

DONE and ORDERED this 16th day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE